IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 1:93-CR-00041 |
| | ) | |
| GEORGE WAYNE REEDER, | ) | |
| and | ) | |
| CHARLES S. CHRISTOPHER, | ) | |
| Defendants. | ) | |

MOTION FOR MISCELLANEOUS RELIEF

Now comes the United States of America, by and through its undersigned counsel, and moves this honorable Court for an Order pursuant to 18 U.S.C. 3664(g)(2). As grounds, the government states the following upon affirmation and belief:

1. Title 18, United States Code, Section 3664(g)(2) provides that "a victim may at any time assign the victim's interest in restitution payments to the Crime Victims Fund in the Treasury without in anyway impairing the obligation of the defendant to make such payments."
2. In a criminal judgment dated December 9, 1996, the United States District Court for the District of Rhode Island ordered the defendant Charles S. Christopher to pay restitution to Diamond Life Benefits Insurance Company ("Diamond Benefits" ) in the amount of $18 million.
3. In a criminal judgment dated June 25, 1997, the United States District Court for the District of Rhode Island ordered the defendant George Wayne Reeder to pay restitution to Diamond Benefits in the amount of $13.5 million.

4. On November 23, 2007, the government received a letter from counsel for Christina Urias, Director of Insurance of the State of Arizona, the court-appointed liquidator of Diamond Benefits Life Insurance Company. The letter states that the liquidation of Diamond Benefits is near completion; that Diamond Benefits anticipates a court order dissolving the corporate existence of Diamond Benefits will be issued forthwith, and that the Diamond Benefits receivership will be closed by December 31, 2007.

5. The letter further states that Diamond Benefits "desires to assign its interest in restitution payments from Charles Christopher and George Wayne Reeder to the Crime Victims Fund otherwise attributable to Diamond Benefits in the Treasury" pursuant to 18 U.S.C. §3664(g)(2).

Wherefore, the United States respectfully requests the Court enter an Order pursuant to 18 U.S.C. 3664(g)(2) that any future restitution payments by Christopher and Reeder be assigned to the Crime Victims Fund of the United States Department of Treasury and directing the Clerk of the Court responsible for dispersing restitution payments to disperse any such restitution payments to the Crime Victims Fun. A proposed Order is attached to this motion.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

By: s/John P. McAdams
John P. McAdams
Assistant United States Attorney

CERTIFICATE OF SERVICE

I, John P. McAdams, certify that I have served a copy of the forgoing motion on December 12, 2007 by mail to:

Charles S. Christopher
Boykin Road
Big Spring, TX 79721

George Wayne Reeder
8201 East 23rd Street
Kansas City, MO 64129

s/John P. McAdams
John P. McAdams
Assistant United States Attorney